1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                               FOR THE DISTRICT OF ARIZONA

8

9    Anthony Lee Terranova,                    No. CV-13-2572-PHX-SRB (DKD)

10                        Petitioner,

11   v.                                         **REPORT AND RECOMMENDATION**

12   Charles L. Ryan, et al.,

13                        Respondents.

14

15   TO THE HONORABLE SUSAN R. BOLTON, U.S. DISTRICT JUDGE:

16          Anthony Lee Terranova filed a First Amended Petition for Writ of Habeas Corpus

17   on March 24, 2014, challenging his convictions and sentences in Maricopa County

18   Superior Court for third-degree burglary and for first-degree murder in the death of

19   Antonio Pastrana.  Terranova's Petition raises 17 claims for relief.  As explained below,

20   the Court recommends that Terranova's Petition be denied and dismissed with prejudice.

21                                    **BACKGROUND**

22          On December 13, 1996, Terranova verbally confronted his former girlfriend at the

23   diner where she worked.  A cook at the diner, Antonio Pastrana, intervened and the two

24   men went outside where Terranova shot Mr. Pastrana before running away.  (Doc. 16,

25   Ex. K at 3)  On May 26, 1998, a jury in Maricopa County Superior Court found

26   Terranova guilty of one count of murder in the first degree for the death of Antonio

27   Pastrana, and one count of burglary in the third degree; the jury found that both counts

28   were dangerous offenses.  (Doc. 16, Ex. D)  On September 25, 1998, Terranova received

an aggravated sentence of natural life, without release, for the murder charge, to run consecutively to an aggravated sentence of 8 years for the burglary charge.  (Doc. 16, Ex. E)  Terranova received a notice of rights of review after conviction.  (*Id.*)

Direct Appeal.  On appeal, Terranova argued that the trial court should not have admitted prior bad act evidence.  (Doc. 16, Exs. F, G)  At the conclusion of briefing, the Arizona Court of Appeals affirmed his convictions and sentences. (Doc. 16, Exs. H, I, J, K)  On October 29, 1999, Terranova's *pro per* motion for reconsideration was denied and he was given until November 22, 1999, to file a petition for review.  (Doc. 16, Exs. L, M, N, O, P, Q, R, S, T, U)  Terranova filed a *pro per* petition for review in the Court of Appeals which the Court first interpreted as a request to recall the mandate in his direct appeal and then denied.  (Doc. 16, Exs. V, W, X)  On December 10, 1999, Terranova filed another petition for review in the Arizona Court of Appeals which was denied as untimely.  (Doc. 16, Ex. GG, HH)

Post-Conviction Relief.  On October 31, 1999, Terranova timely initiated post-conviction relief proceedings.  (Doc. 16, Ex. Y)  His request to proceed *pro per* was granted, his request for preparation of the record was denied because he had received the record in his direct appeal, and his request to change judges was denied as impermissible under Rule 32.4(e).  (Doc. 16, Exs. Z, AA, BB, CC, DD, EE)

Terranova's *pro per* Rule 32 petition raised six grounds for relief and the State timely responded to it.  (Doc 16, Exs. FF, II, JJ, KK, LL, MM, NN, OO, PP, QQ, RR, SS, TT, VV, WW)  Terranova also moved for a hearing.  (Doc. 16, Ex. UU)  On July 17, 2001, the Superior Court denied Terranova's request for a hearing, found that he had failed to show a colorable claim for post-conviction relief, and summarily dismissed Terranova's petition.  (Doc. 16, Ex. XX)

Subsequently, Terranova moved for a new trial, a rehearing for the release of video tape from Angel's Diner, and for the appointment of counsel.  (Doc. 16, Exs. YY, ZZ, BBB, DDD)  The Court denied all of his motions.  (Doc. 16, Exs. ZZ, CCC, EEE)  Terranova moved for rehearing and, on August 30, 2001, the Court denied his request.

(Doc. 16, Exs. AAA, CCC)  The record shows that Terranova did not appeal his post-conviction proceedings to the Arizona Court of Appeals.  (Doc. 16, Ex. BBB)

Other Filings.  On July 29, 2013, Terranova filed a Motion to Compel Discovery in the Maricopa County Superior Court.  (Doc. 16, Ex. FFF)  The Court took no action on this motion because Terranova had no pending litigation and so there was no relevant basis to order discovery.  (Doc. 16, Ex. GGG)  On October 31, 2013, Terranova filed a Writ of Habeas Corpus Petition for Special Action in the Arizona Court of Appeals and, on November 12, 2013, the Court declined jurisdiction.  (Doc. 16, Exs. HHH, III)

Habeas Corpus Petition.  On December 16, 2013, Terranova filed a Petition for Writ of Habeas Corpus and a supporting memorandum in this Court.  (Doc. 1, 2)  These were dismissed without prejudice and with leave to amend.  (Doc. 6)  On March 24, 2014, Terranova filed a First Amended Petition and a supporting memorandum, alleging 17 grounds for relief including actual innocence.  (Doc. 7, 8)  Respondents contend that his Petition is untimely.  The Court agrees that his Petition is untimely and, further, that he is not entitled to tolling.  Accordingly, the Court recommends that his First Amended Petition be denied and dismissed with prejudice.

**Terranova's Petition for Habeas Relief is Untimely.**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts.  28 U.S.C. § 2244(d)(2).

On September 2, 1999, the Arizona Court of Appeals affirmed Terranova's convictions and sentences, and gave him until November 22, 1999, to petition the Arizona Supreme Court for review.  He did not.  Accordingly, his conviction became final on November 22, 1999.  However, on October 31, 1999, Terranova initiated post-

conviction relief proceedings and this initiated a tolling period. *Isley v. Arizona Dep't. of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (tolling starts on the date that a Notice is filed under Rule 32 for purposes of 28 U.S.C. § 2244(d)(2)).

On August 30, 2001, the Superior Court denied Terranova's request for reconsideration of the dismissal of his post-conviction relief proceedings. For nearly 12 years after the Superior Court dismissed his post-conviction relief proceedings, Terranova did not have any proceedings pending in the State courts or in this Court. Accordingly, his one year timeframe to initiate habeas relief in this Court expired and, once expired, it could not be revived by subsequent filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (no AEDPA tolling from untimely state post-conviction petitions); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Thus, Terranova's First Amended Petition is untimely.[1]

**Terranova is Not Entitled to Tolling.**

Terranova's First Amended Petition should be denied as untimely unless he can show that he is entitled to equitable tolling. To make such a showing, Terranova must demonstrate both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petitions. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

After filing multiple pleadings in various courts between 1999 and 2001, Terranova then filed nothing to challenge his convictions and sentences for over a decade. During the time that Terranova was not pursing his habeas claim, he filed multiple other lawsuits in this court. *See, e.g.,* 2:02-cv-00852-EHC-VAM; 2:11-cv-00602-FJM-LOA; 2:11-cv-00789-FJM-LOA. He attempts to explain this gap by saying that his father became ill and couldn't file his habeas petition before the one year limitations bar expired, and that later he was too busy working so he could earn money to

---

[1] This conclusion does not change by using the date he signed his original Petition, December 11, 2013. (Doc. 1 at 11)

hire a private detective to investigate for his habeas petition. (Doc. 20 at 23) He also argues that "most of the evidence" was found recently but he does not specify what evidence or when it was found. (Doc. 7 at 21) Accordingly, these explanations do not show that Terranova diligently pursued his rights or that he was subject to extraordinary circumstances and so he is not entitled to equitable tolling.

**Terranova has Not Met the Actual Innocence Standard.**

Terranova claims that he is actually innocent. (Doc. 7 at 16, 21; Doc. 8 at 2; Doc. 20 at 2) Even though Terranova's Petition is untimely, this Court may review it if he can meet the "actual innocence" standard under *Schlup v. Delo*, 513 U.S. 298 (1995). *Lee v. Lampert*, 653 F.3d 929, 932 (9ᵗʰ Cir. 2011). This means that Terranova must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). *See also Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence.") (quoting *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

This Court has closely read Terranova's Petition, Supporting Memorandum, and Reply, and the many associated exhibits that he has submitted. (Doc. 7, 8, 20) From this detailed review of his pleadings, the Court concludes that Terranova's claim of actual innocence does not rest on a claim of factual innocence. He never says that he did not kill Mr. Pastrana and he never says that he was acting in self-defense.[2] Instead, he says that Mr. Pastrana told him that they should "take it out back" and, when they got outside, Terranova said, "Stop, don't do it, don't move." (Doc. 8 at 11-12; Doc. 20 at 3, 20, 39) This, according to Terranova, demonstrates that he did not have the premeditation that is required for first-degree murder. (Doc. 8 at 12; Doc. 40 at 42) Next, Terranova argues that, because Mr. Pastrana was shot outside, "no one was burglarized, robbed nor harmed

---

[2] The definition of self-defense explicitly precludes the use of physical force "in response to verbal provocation alone." A.R.S. § 13-404(B)(1). At most, Terranova claims that Mr. Pastrana made a verbal threat to him when he said to "take it out back." (Doc. 20 at 40) Thus, even if the Court were to assume, as Respondents do, that Terranova had raised a claim of self-defense, this claim could not succeed.

inside the diner" and so the definition of third-degree burglary is not satisfied.  (Doc. 8 at 12, 13; Doc. 20 at 4)

These arguments concern the legal sufficiency of Terranova's convictions and, as such, they do not meet the *Schlup* standard of "actual innocence."  Instead, these are arguments in support of legal innocence and so the Court will not consider them.  *Clark v. Martel*, 451 Fed.Appx 695 (9th Cir. 2011).  *See also Rozzelle v. Sec'y, Florida Dep't of Corr.*, 672 F.3d 1000, 1015 (11th Cir. 2012) ("we decide only that the narrow and extraordinary nature of *Schlup*'*s* actual innocence 'gateway' does not extend to petitioners . . . who did the killing and whose alleged 'actual innocence' of a non-capital homicide conviction is premised on being guilty of only a lesser degree of homicide."); *Pierce v. Trimble*, 2013 WL 5708668, at *2 (E.D. Cal. Oct. 15, 2013).

**IT IS THEREFORE RECOMMENDED** that Anthony Lee Terranova's First Amended Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will

be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 30th day of April, 2015.

_____
David K. Duncan
United States Magistrate Judge